**Arsen AVETISYAN; Gayane Stepanyan, Petitioners,**

**v.**

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 03–72297.

United States Court of Appeals, Ninth Circuit.

Argued & Submitted June 8, 2005.

Decided June 21, 2005.

Susan E. Hill, Esq., Hill & Piibe, Los Angeles, CA, for Petitioners.

Gayane Stepanyan, Los Angeles, CA, pro se.

Regional Counsel, Western Region, Laguna Niguel, CA, CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, David M. McConnell, Kurt B. Larson, Josh Braunstein, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent. ·

Before: B. FLETCHER, RYMER, and FISHER, Circuit Judges.

MEMORANDUM *

Arsen Avetisyan and Gayane Stepanyan, husband and wife, are natives and citizens of Armenia. Avetisyan petitions for review of a decision of the Board of Immigration Appeals' ("BIA") summary affirmance of the Immigration Judge's ("IJ") denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). The IJ found Avetisyan not credible and denied all of his claims for relief on that basis.

The IJ provided four reasons for his adverse credibility determination: inconsistency, incoherency, insufficient detail, and lack of corroborating evidence. Each reason is either unsupported by substantial evidence or an impermissible ground for an adverse credibility determination.

A. Inconsistency

■ First, the IJ indicated that Avetisyan testified inconsistently about being interviewed on camera. The IJ's characterization of Avetisyan's testimony is clearly erroneous: the record reveals that Avetisyan merely answered different questions differently. Indeed, when asked the same question at different times, Avetisyan testified entirely consistently.

Second, the IJ suggested that Avetisyan's responses to questions about events that occurred after he left Armenia were inconsistent. Again, the record makes clear that what the IJ characterized as an inconsistency was actually a reflection of the wording of the questions asked.

Third, the IJ alleged that Avetisyan kept "changing his answers." However, the IJ failed to refer to any specific examples of such behavior. "Generalized statements that do not identify specific examples of evasiveness or contradiction in the petitioner's testimony" are insufficient. *Garrovillas v. INS*, 156 F.3d 1010, 1013 (9th Cir.1998) (finding insufficient the mere assertion that Garrovillas "repeatedly refused to answer questions").

Because the discrepancies identified by the IJ are either non-existent or explained, this ground for the adverse credibility determination is not supported by substantial evidence. *Cf. Akinmade v. INS*, 196 F.3d 951, 957 (9th Cir.1999).

B. Incoherence

■ Although the IJ indicated that he could not "understand" several particular elements of Avetisyan's testimony, not one is inherently implausible or incomprehensible. The IJ's inability to understand why the military officers who persecuted Avetisyan acted as they did is based on nothing more than the IJ's own speculation about what military officers would or would not

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

do. Such speculation is not a proper basis for an adverse credibility finding. *See, e.g., Kaur v. Ashcroft*, 379 F.3d 876, 887–88 (9th Cir.2004). Similarly, the IJ's own inability to understand Avetisyan's reactions to acts of persecution is not a legitimate reason to find him incredible. *See, e.g., Salaam v. INS*, 229 F.3d 1234, 1238–39 (9th Cir.2000).

The IJ also generally characterized Avetisyan's testimony as difficult to follow, illogical, and incoherent. This is belied by a reading of the transcript of the hearing. We find that Avetisyan's testimony is understandable and that the basis of his asylum claim is clear.

**C. Insufficient Detail**

■ This ground is not supported by substantial evidence because the IJ did not identify anything material about which Avetisyan was questioned but failed to provide sufficient detail. *Cf. Zheng v. Ashcroft*, 397 F.3d 1139, 1147 (9th Cir. 2005) (finding testimony to be sufficiently detailed to preclude an adverse credibility determination; IJ did not identify examples of how testimony lacked detail); *Akinmade*, 196 F.3d at 957 (finding insufficient detail was not a valid ground for the adverse credibility determination, "especially when Akinmade was not given notice that he should provide such information, nor asked at the hearing to do so, either by the IJ or by counsel for the INS").[1]

**D. Corroborative evidence**

■ Contrary to the IJ's assertion, Avetisyan provided several different corroborating documents. Even if Avetisyan had not done so, lack of corroborating evidence would be an improper ground for the adverse credibility determination: where, as here, "each of the IJ's or BIA's proffered reasons for an adverse credibility finding fails, we must accept a petitioner's testimony as credible," and further corroboration is not required. *Kaur*, 379 F.3d at 890.

**CONCLUSION**

The proffered reasons for the adverse credibility determination are improper or unsupported by substantial evidence. Indeed, the record reveals that the IJ repeatedly misrepresented Avetisyan's testimony. Accordingly, we grant the petition for review. Because the IJ did not make additional findings on the merits of Avetisyan's claims for asylum, withholding of removal, or CAT relief, we remand to the BIA so that the agency can determine in the first instance whether, accepting Avetisyan's testimony as true, he is eligible for relief. *INS v. Ventura*, 537 U.S. 12, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam). Given the IJ's self-proclaimed inability to understand Avetisyan's testimony, his apparent hostility to the petitioner, and "our starkly different appraisal of the record," we note that "the parties would be far better served by the assignment to [these] proceedings of a different IJ." *Arulampalam v. Ashcroft*, 353 F.3d 679, 689 (9th Cir.2003) (quoting *Garrovillas*, 156 F.3d at 1016 n. 4).

Petition GRANTED and REMANDED for further proceedings.

---

1. The government notes that Avetisyan testified about details that were neither included in his asylum application nor brought to his attorney's attention prior to the hearing. This point is not relevant because the IJ did not cite this discrepancy as a basis for his adverse credibility finding, and even if the IJ had cited this discrepancy, "[i]t is well settled that an applicant's testimony is not per se lacking in credibility simply because it includes details that are not set forth in the asylum application." *Lopez–Reyes v. INS*, 79 F.3d 908, 911 (9th Cir.1996).